UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEREMIAH VERNON WEBB,

    Plaintiff,

v.                                        Case No: 8:25-cv-1786-MSS-AAS

DIOCESE OF VENICE IN
FLORIDA, INC., BISHOP FRANK J.
DEWANE, AMY YAGER, FR. ERIC
SCANLAN, INCARNATION
PARISH IN SARASOTA, INC.,
INCARNATION CATHOLIC
SCHOOL, CLIFFORD J.
CESPEDES, DEKESHA J.
BATTIETSTE, JEFFREY M. GUY,
and JANE/JOHN DOE(S),

    Defendants.

_____/

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Plaintiff Jeremiah Vernon Webb's Applications to Proceed in District Court Without Prepaying Fees or Costs, (Dkts. 2, 5), which the Court construes as motions to proceed *in forma pauperis*. Also before the Court is Plaintiff's Amended Complaint. (Dkt. 6) On July 23, 2025, United States Magistrate Judge Amanda Arnold Sansone issued a Report and Recommendation. (Dkt. 8) Judge Sansone recommended that Plaintiff's Motions to Proceed *In Forma Pauperis* be denied and his Amended Complaint be dismissed. (Id.) Plaintiff filed a timely objection to Judge Sansone's Report and Recommendation.

(Dkt. 9) In the objection, Plaintiff requests leave to file an amended complaint. (Id.) The amended pleading is attached to the objection. (Dkt. 9-1)

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Plaintiff raises three objections to Judge Sansone's Report and Recommendation. First, Plaintiff objects to Judge Sansone's conclusion that this Court lacks subject-matter jurisdiction over this case. Plaintiff argues that he pleads claims under 42 U.S.C. § 1983 against certain state actors, like Defendant Cespedes, a police officer, and Defendant Battieste, an employee of the Florida Department of

2

Children and Families. Thus, Plaintiff contends this Court may exercise federal question jurisdiction under 18 U.S.C. § 1331. Additionally, Plaintiff argues that if he is permitted to file the proposed "Third Amended Complaint," (Dkt. 9-1), this Court may exercise diversity jurisdiction over this case. Plaintiff believes that by dropping Defendant Ligia Hall from this suit, the remaining parties will be completely diverse.

Second, Plaintiff argues that if he is permitted to file the proposed Third Amended Complaint, the domestic relations exception will no longer apply to his claims. Since the minor's mother, Defendant Hall, would not be a party to this case under the Third Amended Complaint, Plaintiff argues the case could no longer be deemed a dispute over the custody of a child.

Finally, Plaintiff objects to Judge Sansone's recommendation that the Amended Complaint be dismissed without leave to amend. Plaintiff argues that the proposed Third Amended Complaint cures the defects Judge Sansone identified in the Report and Recommendation.

Judge Sansone correctly concluded that this Court lacks subject-matter jurisdiction over this case. While Plaintiff names Defendants Cespedes and Battieste as defendants, Plaintiff alleges no facts about either Defendant's conduct to establish a violation of § 1983. Thus, the allegations in the Amended Complaint do not plausibly state a claim under federal law. The allegations in the proposed Third Amended Complaint fare no better. Plaintiff only alleges, "Police and DCF defendants failed to enforce order: e.g., Cespedes ignored reports." (Dkt. 9-1 at ¶ 18) This allegation is

insufficient to state a claim under § 1983. Accordingly, this Court lacks federal question jurisdiction over this case.

This Court also lacks diversity jurisdiction. "Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants." United Excel Investment, LLC v. Cambe, No. 15–cv–1765, 2015 WL 12859427, at *1 (M.D. Fla. Oct. 23, 2015) (citing Owen Equip. & Recreation Co. v. Kroger, 237 U.S. 365, 373 (1978)). Complete diversity requires that no plaintiff be a citizen of the same state as any of the defendants. Id. (citing Owen Equip., 437 U.S. at 373). The parties to Plaintiff's Amended Complaint and the proposed Third Amended Complaint are not diverse. In the objection, Plaintiff indicates he is a Florida citizen and Defendant Diocese of Venice in Florida, Inc., is a Florida corporation. (Dkt. 9 at 2) For this reason, even if Plaintiff filed the proposed Third Amended Complaint and removed Defendant Hall as a defendant, the parties would not be diverse because Plaintiff and the Diocese are citizens of the same state. Thus, neither the Amended Complaint nor the proposed Third Amended Complaint establish this Court's diversity jurisdiction over this case.

As for the domestic relations exception to federal court jurisdiction, removing Defendant Hall as a party will not convert this case into a dispute about something other than child custody. In the proposed Third Amended Complaint, which does not name Defendant Hall, Plaintiff requests relief for alleged due process violations on grounds that Defendants withheld the child from Plaintiff without a hearing. (Dkt. 9-1 at ¶ 22) Plaintiff alleges Defendants conspired to falsify the child's attendance records

4

and to fail to enforce a custodial order. (Id. at ¶ 24) Plaintiff further alleges the school Defendants breached a duty under a custodial order to release the child to Plaintiff. (Id. at ¶ 26) Finally, Plaintiff alleges a violation of Florida's civil theft statute against the school Defendants, claiming they intentionally withheld his custodial time. (Id. at ¶ 28)

While the child's mother would not be a party to this action under the proposed Third Amended Complaint, the pleading nonetheless deals with the enforcement of custody orders and parental time-sharing. Federal courts generally dismiss cases raising such issues. See Ingram v. Hayes, 866 F.2d 368, 369 (11th Cir. 1988) ("The federal judiciary has traditionally abstained from deciding cases concerning domestic relations. As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification."); Weiner v. Campbell, No. 16-cv-3412, 2016 WL 7708540, at *3 (M.D. Fla. Dec. 22, 2016) (noting that "federal courts lack jurisdiction to determine issues of parental time-sharing" and recommending dismissal of the complaint, which raised civil rights violations under 42 U.S.C. § 1983), report and recommendation adopted, 2017 WL 89076 (M.D. Fla. Jan. 10, 2017).

The Court adopts Judge Sansone's conclusion that this Court lacks subject-matter jurisdiction and that federal abstention is appropriate in this case. Upon review of the proposed Third Amended Complaint, the Court finds the amendment does not

5

cure the defects Judge Sansone identified in the Report and Recommendation. Plaintiff's objections to the Report and Recommendation are **OVERRULED**.

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Court finds that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 8), is **CONFIRMED** and **ADOPTED** as part of this Order.

2. Plaintiff's Objection, (Dkt. 9), is **OVERRULED**.

3. Plaintiff's Motions to Proceed *In Forma Pauperis*, (Dkts. 2, 5), are **DENIED**.

4. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction**.

5. The Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of July 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person